**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| Graham Woodward, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:26-cv-1961 |
| U.S. Bank N.A. dba Elan Financial | § | |
| Services; | § | |
| Equifax Information Services, LLC; | § | |
| Experian Information Solutions, Inc.; and | § | |
| TransUnion, LLC, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

### INTRODUCTION

1.      This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.      Plaintiff is a resident of Collier County, FL.

5.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6.      Defendant U.S. Bank N.A. dba Elan Financial Services ("Elan") is a furnisher of consumer credit information to consumer reporting agencies.

1

7.      Defendant Equifax Information Services, LLC engages in the business of maintaining and reporting consumer credit information for profit.

8.      Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

9.      Defendant Experian Information Solutions, Inc. engages in the business of maintaining and reporting consumer credit information for profit.

10.     Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

11.     Defendant TransUnion, LLC engages in the business of maintaining and reporting consumer credit information for profit.

12.     TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13.     Within the past few years, Plaintiff became a victim of identity theft.

14.     Plaintiff's personal information was used without his knowledge to open credit accounts in his name without his knowledge and make charges without his authorization.

15.     Many accounts were reported on Plaintiff's credit, which Plaintiff disputed and were ultimately deleted.

16.     One such account that was not deleted was reported by Elan.

17. The false information regarding the Elan account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

18. Equifax, Experian, and TransUnion published the false information regarding the account to third parties.

19. Other incorrect personal information appears on Plaintiff's credit reports, including an Atlanta, Georgia address.

20. Plaintiff has never lived in Georgia, and has never been otherwise affiliated with a Georgia residence.

21. Plaintiff has lost time and incurred expense working to resolve the adverse information to prevent further harm.

22. Plaintiff has filed a police report with the Collier County Sheriff's Office concerning this identity theft.

## WRITTEN DISPUTE

23. On or about December 30, 2025, Plaintiff sent a written letter to Equifax, Experian, and TransUnion disputing the inaccurate information regarding the Elan account reporting on Plaintiff's consumer report.

24. Equifax, Experian, and TransUnion forwarded Plaintiff's dispute to Elan for reinvestigation.

25. Elan received notification of Plaintiff's dispute from Equifax, Experian, and TransUnion.

26. Elan failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

27. Equifax, Experian, and TransUnion failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

28. Elan failed to instruct Equifax, Experian, and TransUnion to remove the false information reporting on Plaintiff's consumer report.

29. Equifax, Experian, and TransUnion employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

30. Equifax, Experian, and TransUnion employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

31. At no point after receiving Plaintiff's dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

### COUNT I – Elan

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

32. Plaintiff re-alleges and reaffirms paragraphs 1-6, 13-26, 28, and 31 as though fully set forth herein.

33. After receiving the dispute, Elan failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

34. Elan violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

35. As a result of this conduct, action, and inaction of Elan, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

36. The conduct, action, and inaction of Elan was willful, entitling Plaintiff to recover punitive damages under 15 U.S.C. § 1681n.

37. In the alternative, the conduct, action, and inaction of Elan was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

38. Plaintiff is entitled to recover costs and attorneys' fees from Elan pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT II – Equifax, Experian, and TransUnion

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

39. Plaintiff re-alleges and reaffirms paragraphs 1-5, 7-24, 27, and 29-31 as though fully set forth herein.

40. After receiving Plaintiff's dispute, Equifax, Experian, and TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

41. Equifax, Experian, and TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

42. As a result of this conduct, action and inaction of Equifax, Experian, and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

43. The conduct, action, and inaction of Equifax, Experian, and TransUnion was willful, entitling Plaintiff to recover punitive damages under 15 U.S.C. § 1681n.

44. In the alternative, the conduct, action, and inaction of Equifax, Experian, and TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

45. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III – Equifax, Experian, and TransUnion

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

46. Plaintiff re-alleges and reaffirms paragraphs 1-5, 7-24, 27, and 29-31 as though fully set forth herein.

47. After receiving Plaintiff's dispute, Equifax, Experian, and TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

6

48.     Equifax, Experian, and TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

49.     As a result of this conduct, action and inaction of Equifax, Experian, and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

50.     The conduct, action, and inaction of Equifax, Experian, and TransUnion was willful, entitling Plaintiff to recover punitive damages under 15 U.S.C. § 1681n.

51.     In the alternative, the conduct, action, and inaction of Equifax, Experian, and TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

52.     Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1.      Trial by jury.

2.      Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3.      Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4.      The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5.      Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: June 11, 2026

> */s/ Trescot Gear*
> Trescot Gear
> Gear Law, LLC
> 711 South Howard Avenue, Suite 200
> Tampa, FL 33606
>
> Mailing Address:
> McCarthy Law, PLC
> 9200 E. Pima Center Pkwy. Ste. 300
> Scottsdale, AZ 85258
> Telephone: (602) 456-8900
> Fax: (602) 218-4447
> Attorney for Plaintiff